IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21 CR 32

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CASEY LEE EVANS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Government's oral motion made pursuant to 18 U.S.C. § 4241 (a) and (b), which requests a hearing to determine the mental competency of Defendant and a pre-hearing evaluation ("Motion").

The background of the Motion and the hearing that was conducted on April 30, 2021 are described by a separate Order that is being entered contemporaneously herewith and that is incorporated by reference.

Having considered the Motion and the evidence presented, and having observed Defendant in open court, the Court finds as follows:

1. That reasonable cause exists to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. See 18 U.S.C. § 4241(a).

1

2. That, therefore, a hearing on the issue of Defendant's competency is required pursuant to 18 U.S.C. § 4241(a); and

3. That a psychiatric or psychological examination of Defendant should be conducted prior to the date of the competency hearing and a report filed pursuant to the provisions of 18 U.S.C. § 4247(b) and (c). <u>See</u> U.S.C. § 4241(b).

**IT IS THEREFORE ORDERED THAT:**

1. The Government's oral motion made pursuant to 18 U.S.C. § 4241 requesting a hearing to determine the mental competency of Defendant and a pre-hearing evaluation is **GRANTED.**

2. Defendant is **COMMITTED** to the care and custody of the Attorney General for placement in a suitable mental health facility ("Facility") where a psychiatric or psychological examination shall be performed to determine if Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. <u>See</u> 18 U.S.C. § 4241(b).

3. Unless impracticable, the psychiatric or psychological examination shall be conducted in the Facility that is closest to the Court. <u>See</u> 18 U.S.C. § 4247(b).

4. The commitment shall be for a reasonable period, but not to exceed thirty (30) days. See 18 U.S.C. § 4247(b). The commitment shall be deemed to commence on the day Defendant is admitted to the Facility.

5. The evaluating psychiatrist(s) or psychologist(s) or the Warden or another appropriate representative of the Facility may apply for a reasonable extension of this commitment, not to exceed 15 days, upon a showing of good cause that additional time is necessary to observe and evaluate Defendant. Any such request for an extension must be in writing and mailed to the Clerk of this Court, with copies sent to Defendant's counsel, the United States Attorney, and the United States Marshal's Service.

6. The psychiatrist(s) or psychologist(s) who are designated to examine Defendant shall prepare a psychiatric or psychological report of the examination ordered herein pursuant to the requirements of 18 U.S.C. § 4247(c). The psychologist(s) or psychiatrist(s) shall forward to the Court the original report and shall submit copies to the Clerk of the Court, Defendant's counsel, and the United States Attorney.

7. Following receipt of the report ordered herein, a hearing shall be scheduled on the issue of Defendant's competency.

8. The United States Marshal's Service shall transport Defendant to the Facility designated by the Attorney General and return Defendant

immediately upon completion of the examination ordered herein to the Western District of North Carolina for further proceedings.

9. Defendant shall remain in the custody of the United States Marshal's Service during transportation. Further, during transport, the United States Marshal's Service shall provide Defendant with medications, if any, prescribed to him by a licensed physician.

10. The Clerk is respectfully **DIRECTED** to certify copies of this Order to Defendant's counsel, the United States Attorney, the United States Marshal's Service, and the designated mental health Facility (in the care of the United States Marshal's Service).

Signed: May 3, 2021

W. Carleton Metcalf
United States Magistrate Judge