IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21 CR 32

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CASEY LEE EVANS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on multiple issues. This Order memorializes oral rulings made during proceedings held on April 30, 2021.

On April 6, 2021, a Bill of Indictment was filed charging Defendant with one count of setting timber afire in violation of 18 U.S.C. § 1855. Doc. 1.

Defendant came before the Court for an initial appearance on April 26, 2021. The Government was represented by Assistant United States Attorney David Thorneloe. Assistant Federal Public Defender Emily Jones appeared with Defendant. A request by Defendant for the appointment of counsel was granted. The Government moved for detention. Arraignment and a hearing on the Government's motion for detention were scheduled for April 28, 2021. Shortly after Defendant's initial appearance, attorney Jeffrey W. Gillette was appointed to represent Defendant.

1

On April 28, 2021, Defendant appeared with Mr. Gillette for arraignment and a detention hearing. At the conclusion of the arraignment, the Government made an oral motion, pursuant to 18 U.S.C. § 4241, that Defendant be evaluated for competency[1] and, if he were found competent, that he also be evaluated for insanity at the time of the offense, pursuant to 18 U.S.C. § 4242.

Defense counsel advised that Defendant, at that time, was not in a position to consent or object to the Government's motion for a competency evaluation.

The Government then stated that it had understood defense counsel would be joining the motion for a competency evaluation and, since that was not the case, asked that the hearing on its motion for pretrial detention, as well as further proceedings relative to its competency related motions, be continued to April 30, 2021, so the Government could prepare. That request was allowed, without objection from Defendant, and the matter was reset for April 30, 2021.

On April 30, 2021, the parties again appeared before the Court, with Assistant United States Attorney Thorneloe representing the Government and Mr. Gillette appearing with Defendant. At the beginning of the proceedings,

---

[1] As subsequently clarified by the Government, the Motion included a request under 18 U.S.C. § 4241(a) for a competency hearing and an associated request pursuant to 18 U.S.C. § 4241(b) that a pre-hearing evaluation of Defendant be conducted.

2

the Government announced that it was withdrawing its request for Defendant to be evaluated for insanity at the time of the alleged offense under 18 U.S.C. § 4242.

The Court advised that it would take up the Government's Section 4241 competency motion and then proceed, as may be necessary, to consider the Government's motion for pretrial detention.

The Government began its presentation, submitting first the Bill of Indictment and then, without objection by Defendant, the Pretrial Services Report. Next, the Government called Forest Service Special Agent Derek Breedlove. While Agent Breedlove was testifying on direct examination, Defendant began objecting loudly. The undersigned reminded Defendant of his right to remain silent and that anything he may say could be used against him by the Government. The Court then advised Defendant, pursuant to Rule 43 of the Federal Rules of Criminal Procedure, that he was disrupting the proceedings and that if his conduct continued, he would be removed from the courtroom.

Defense counsel, who was attempting to calm Defendant, was given an opportunity to speak with him. As they conferred at the counsel table, however, Defendant remained agitated and did not appear to want to speak quietly and confidentially with his attorney. Defendant's words, which were stated loudly enough for the entire courtroom to hear, became profane, at which point the

3

undersigned attempted to address Defendant further. Defendant, however, continued making outbursts and began yelling obscenities. Defendant was advised by the Court that he was in contempt, but continued his disruptive conduct and therefore the undersigned directed the deputy United States Marshals who were present to remove Defendant from the courtroom. Defendant physically resisted their efforts such that the Deputy Marshals were required to remove Defendant by force. Defendant continued to yell loud obscenities as he was taken out of the courtroom and moved through the halls of the courthouse.

Subsequent to Defendant's removal from the courtroom, defense counsel advised that he was withdrawing his opposition to the Government's competency motion. A recess was then taken.

Afterward, the hearing on the Government's motion resumed and Agent Breedlove completed his testimony, which included information he had received from multiple sources including Defendant's friends and other law enforcement officers regarding Defendant's mental health status, prior attempted self-harm, and alleged statements made by Defendant regarding the fire that is the subject of the Bill of Indictment.

Defendant did not offer any evidence and, as noted above, withdrew his objection to the Government's competency motion.

In response to an inquiry from the undersigned, the Government stated that its motion included a request that Defendant be evaluated pursuant to Section 4241(b) at a Bureau of Prisons facility.

Defense counsel acknowledged that the Government had met the Section 4241(a) standard for a competency hearing and did not object to an inpatient evaluation of Defendant.

The undersigned granted the Government's motion for a competency hearing and its request for a pre-hearing evaluation. Those rulings will be memorialized in further detail by separate Order.

In view of the allowance of the Government's motion regarding competency, and the possibility that Defendant may not currently be competent to take part in further proceedings, the Court announced its intention to hold in abeyance 1) a hearing on the Government's motion for pretrial detention and 2) further proceedings concerning contempt by Defendant in connection with his actions in open court on April 30, 2021.

The Government did not object to this handling and defense counsel indicated his agreement to it.

Accordingly, the Government's motion for pretrial detention and further contempt proceedings in connection with Defendant's conduct in open court on April 30, 2021 are **HELD IN ABEYANCE** pending the completion of Defendant's competency evaluation and his competency hearing.

It is so ordered.

Signed: May 3, 2021

W. Carleton Metcalf
United States Magistrate Judge