IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-CR-32-MR-WCM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| CASEY LEE EVANS | ) | |
| _____ | ) | |

This matter is before the Court regarding Defendant's competency.

A competency hearing was held on October 1, 2021. Assistant United States Attorney Alexis Solheim appeared for the Government and attorney Jeffrey W. Gillette appeared with Defendant. At the conclusion of the hearing, the undersigned found Defendant competent to proceed to trial. This Order follows and memorializes that ruling.

I.     Relevant Procedural History

A Bill of Indictment was filed on April 6, 2021 charging Defendant with one count of setting fire to timber, underbrush, and grass on federal lands, in violation of 18 U.S.C. § 1855. Doc. 1.

On April 26, 2021, Defendant made his initial appearance, at which time counsel was appointed for him and the Government moved for pretrial detention.

On April 28, 2021, Defendant was arraigned and entered a plea of not

guilty. The Government made an oral motion for a competency evaluation[1] and also asked that the detention hearing be continued. The Court continued the detention hearing and set the Government's competency related motion for hearing on April 30, 2021.

As described by subsequent Order. (Doc. 10), Defendant was removed from the courtroom during the proceedings on April 30, 2021. The Court allowed the Government's competency motion and directed that Defendant be examined to determine if he was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, pursuant to 18 U.S.C. § 4241(b). Doc. 9.

On September 22, 2021, a Competency to Stand Trial Evaluation (Doc. 17) ("Evaluation") was filed. The Evaluation was prepared by Ashley Jenkins, Psy.D., Forensic Pyschologist at the Metropolitan Correctional Center in New York, New York.

As noted, a competency hearing was held on October 1, 2021.

---

[1] The Government subsequently clarified that its Motion included a request under 18 U.S.C. § 4241(a) for a competency hearing and an associated request pursuant to 18 U.S.C. § 4241(b) that a pre-hearing evaluation of Defendant be conducted.

## II. Findings and Order

In the Evaluation, Dr. Jenkins opines that, while Defendant presents with certain mental challenges, he "currently does possess a rational and factual understanding of the proceedings against him, does have the capacity to assist legal counsel in his defense, and can rationally make decisions regarding legal strategy" and that Defendant is competent to stand trial. Doc. 17 at 23.

During the competency hearing, the Government urged the Court to endorse the conclusions in the Evaluation and to find Defendant competent to proceed. Defendant did not offer any evidence and did not contest the competency findings in the Evaluation.

Having carefully reviewed the Evaluation and considered the positions of the parties, the undersigned accepts the conclusions in the Evaluation and finds that Defendant is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

3

Therefore, Defendant is **DEEMED COMPETENT** to participate in further proceedings in this matter.

It is so ordered.

Signed: October 4, 2021

W. Carleton Metcalf
United States Magistrate Judge