IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-CR-32-MR-WCM

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | ORDER |
| v. | ) | |
| | ) | |
| CASEY LEE EVANS | ) | |
| | ) | |

This matter is before the Court following a contempt hearing that was conducted on October 8, 2021. This Order memorializes the rulings made at the conclusion of that hearing.

I. Relevant Procedural History

A Bill of Indictment was filed on April 6, 2021 charging Defendant with one count of setting fire to timber, underbrush, and grass on federal lands, in violation of 18 U.S.C. § 1855. Doc. 1.

On April 26, 2021, Defendant made his initial appearance, at which time counsel was appointed for him and the Government moved for pretrial detention.

On April 28, 2021, Defendant was arraigned and entered a plea of not guilty. The Government made an oral motion for a competency evaluation and also asked that the detention hearing be continued. The Court continued the detention hearing and set the Government's competency related motion for hearing on April 30, 2021.

Defendant was removed from the courtroom during the subsequent proceedings on April 30, 2021. See Doc. 10. Afterwards, the Court allowed the Government's competency motion and directed that Defendant be examined to determine if he was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, pursuant to 18 U.S.C. § 4241(b). Doc. 9.

The Government's motion for pretrial detention as well as contempt proceedings in connection with Defendant's conduct in open court on April 30, 2021 were held in abeyance pending the completion of Defendant's competency evaluation and his competency hearing. Doc. 10.

On September 22, 2021, a Competency to Stand Trial Evaluation (Doc. 17) ("Evaluation") was filed.

Following a competency hearing on October 1, 2021, Defendant was found competent to participate in further proceedings. Doc. 19.

Detention and contempt hearings were scheduled for October 8, 2021.

## II. October 8, 2021 Hearing

On October 8, Assistant United States Attorney John Pritchard appeared for the Government and attorney Jeffrey W. Gillette appeared with Defendant.

Defendant waived his right to a detention hearing at that time,

preserving his right to request a detention hearing in the future. Doc. 20. Accordingly, a hearing on the Government's motion for pretrial detention was continued indefinitely for cause and Defendant was ordered detained without bond pending further proceedings.

The Court then took up the issue of contempt relative to Defendant's conduct in open court on April 30, 2021.

The Government did not take a position as to whether Defendant should be held in contempt or, if so, what an appropriate sanction would be.

Defense counsel acknowledged that Defendant's conduct was contemptuous, though noted that Defendant was sensitive to discussions of his mental health, which was the topic of the testimony on April 30, and noted that, while being evaluated for competency, Defendant had become more able and willing to engage in such discussions.

Defendant, after being reminded of his rights to remain silent and not to incriminate himself, addressed the Court. He apologized for his behavior on April 30, both to the Court and others that were present at the time.

### III. Discussion

Having considered Defendant's conduct on April 30, 2021, as described by the undersigned's prior written order (Doc. 10), the information and arguments provided during the hearing on October 8, 2021, and relevant authorities, the undersigned finds and concludes that contempt sanctions are

3

required.

Defendant's apology is noted and appreciated.

In addition, when he has appeared before the Court after April 30, Defendant has been calm and peaceable and has acted appropriately. The undersigned is hopeful that Defendant will conduct himself likewise during future court appearances.

Nonetheless, an appropriate sanction for Defendant's highly profane language and other disruptive conduct on April 30, 2021 should be imposed. It is further noted in that regard that the Evaluation reports that Defendant stated that "contempt doesn't really matter to me, as long as I get to say my piece" and that he disclosed a history of inappropriate behavior in the courtroom, remarking that this was "not my first time with contempt." Doc. 17 at 22.

### IT IS THEREFORE ORDERED THAT:

1. Pursuant to 28 U.S.C. 636(e)(2), in response to Defendant's misbehavior in the Court's presence on April 30, 2021, which obstructed the administration of justice, Defendant is **HELD IN CONTEMPT** and is sentenced to **30 days imprisonment**.

2. As stated, Defendant may seek a hearing on the Government's motion for pretrial detention, provided however that he may do so only after completion of the period of imprisonment imposed by this Order.

Signed: October 8, 2021

W. Carleton Metcalf
United States Magistrate Judge