UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO. 1:21-CR-32 |
| ) | |
| vs. ) | |
| ) | MOTION IN LIMINE |
| CASEY LEE EVANS ) | |
| a/k/a "James Casey Lee Evans" ) | |
| _____ ) | |

The government respectfully moves this court for an Order in advance of trial that prohibits the defendant and/or defense counsel from offering the following at trial: (1) evidence or argument that encourage jury nullification and, in particular, the statutory maximum and/or minimum punishment for the crimes contained in the Superseding Bill of Indictment; (2) evidence or argument regarding any aspect of the defendant's mental disease, mental deficits, or intellectual deficits; and (3) evidence or argument that specific knowledge of federal ownership by the defendant is an element of the charged offense.

## ARGUMENT

**A. The defendant should not be permitted to encourage jury nullification by presenting evidence or argument of punishment to the jury.**

It is well-settled that defense counsel may not encourage jury nullification during closing argument. *See, e.g., United States v. Navarro-Vargas*, 408 F.3d 1184, 1198 (9th Cir.2005) ("[A] number of courts have considered whether *petit* juries should be informed of their nullification power. The courts have uniformly rejected the idea."); *United States v. Trujillo*, 714 F.2d 102, 105-06 (11th Cir.1983) ("[N]either the court nor counsel should encourage jurors to violate their oath."); *United States v. Funches*, 135 F.3d 1405, 1408 (11th Cir.1998); *United States v. Thomas*, 116 F.3d 606, 614 (2nd Cir.1997) ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent."). "A trial judge . . . may block defense attorneys' attempts to serenade a jury with the siren song of nullification. . . ." *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir.1993).

This general prohibition also extends to arguments regarding sentencing. *See, e.g., United States v. Richardson*, 130 F.3d 765, 778 (7th Cir.1997) *rev'd on other grounds,* 119 S. Ct. 1707 (1999) ("[A]rguing punishment to a jury is taboo…."); *United States v. Pabon-Cruz*, 391 F.3d 86, 94 (2d Cir.2004) ("[D]efendant had no legal right to a charge informing the jury of the sentencing consequences of its decisions."). "[U]nless a jury has a role in sentencing, such as in capital sentencing proceedings, jurors should be instructed not to consider a

defendant's potential sentence during deliberations." *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir.1997). As the Supreme Court explained:

> The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.

*Shannon v. United States*, 512 U.S. 573, 579, 114 S.Ct. 2419, 2424 (1994). This includes, of course, information concerning statutory maximum and minimum sentences. *Id*. at 586–87 ("But, as a general matter, jurors are not informed of mandatory minimum or maximum sentences, nor are they instructed regarding probation, parole, or the sentencing range accompanying a lesser included offense."). In that the jury will not have any role in sentencing in this case, they need not be advised of the statutory penalties or anything having to do with sentencing.

### B. In the absence of a Federal Rule of Criminal Procedure 12.2 notice, the defendant should be prohibited from presenting evidence of the defendant's mental disease, mental deficits, or intellectual deficits.

A defendant may not present evidence of mental disease unless such evidence is relevant at trial. The Insanity Defense Reform Act of 1984 (IDRA) precludes evidence of mental disease for any purpose other than proving the affirmative defense of insanity. The statute reads:

> (a)Affirmative Defense.—
> It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. *Mental disease or defect does not otherwise constitute a defense.*
>
> (b)Burden of Proof.—
> The defendant has the burden of proving the defense of insanity by clear and convincing evidence.

*Title 18, United States Code, Section 17* (Emphasis added).

The IDRA precludes what is frequently called the defense of "diminished capacity." The legislative history is clear about the purpose of the statute.

> [M]ental disease or defect other than that which renders the defendant unable to appreciate the nature and quality or wrongfulness of his acts does not constitute a defense. This is intended to insure that the insanity defense is not improperly resurrected in the guise of showing some other affirmative defense, such as that the defendant had a "diminished responsibility" or some similarly asserted state of mind which would serve to excuse the offense and open the door, once again, to needlessly confusing psychiatric testimony.

*United States v. Hood*, 857 F.2d 1469 (4th Cir. 1988) (unpublished) (quoting

S.Rep. No. 25, 98th Cong., 2d Sess. 229 (1983), *reprinted in* 1984 U.S. Code Cong. & Admin. News 3182, 3411).

Rule 12.2 of the Federal Rules of Criminal Procedure requires a defendant to provide written notice to the government in advance of offering mental health evidence. The defendant has not filed notice of intent to rely on the insanity defense, so any evidence or argument regarding his mental health is both irrelevant and inadmissible. One of the purposes of this Rule is to permit the government to prepare to address the issues concerning mental condition at trial. See Fed.R.Crim.P. 12.2, advisory committee notes. The Rule provides:

> (a)Notice of an Insanity Defense. –
> A defendant who intends to assert a defense on insanity at the time of alleged offense must so notify an attorney for the government in writing within the time provided for filing a pretrial motion, or at any later time the court sets, and file a copy of the notice with the clerk. *A defendant who fails to do so cannot rely on an insanity defense*. The court may, for good cause, allow the defendant to file the notice late, grant additional trial-preparation time, or make other appropriate orders.
>
> (b)Notice of Expert Evidence of a Mental Condition. –
> If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case, the defendant must – within the time provided for filing a pretrial motion or at any later time the court sets – notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk.

*Fed.R.Crim.P. 12.2* (emphasis added). The defendant has not filed this notice, so he should not be permitted to offer such evidence in violation of this Rule.

The filing of a Rule 12.2 notice also triggers the reciprocal discovery requirements set forth in Rule 12.2(c) and Fed.R.Crim. P. 16 (C), without which the government would not be prepared to properly address mental health evidence at trial. These Rules permit the government to receive a written summary of the defendant's mental health evidence and obtain its own examination of the defendant. No such notice has been filed by the defendant in this case, so the defendant should not be permitted to present evidence at trial regarding his mental condition. Admitting such evidence without this notice would strip the government of its discovery rights and would deprive the jury of potential rebuttal evidence.

Thus, under Rules 401, 402, and 403 of the Federal Rules of Evidence, 18 U.S.C. § 17, and Rules 12.2 and 16 of the Federal Rules of Criminal Procedure, the government respectfully requests the Court to exclude evidence of the defendant's mental health, defects, or deficits.

**C. Specific knowledge of federal ownership is not an element of 18 U.S.C. § 1855 and the defendant should be prohibited from arguing to the contrary.**

The government need not prove at trial that the defendant knew he was setting fire to federally owned lands. The defendant is charged by Superseding Bill

of Indictment to a single charge alleging a violation of Title 18, United States Code, Section 1855. The statute provides in pertinent part:

> Whoever, willfully and without authority, sets on fire any timber, underbrush, or grass or other inflammable material upon the public domain or upon any lands owned or leased by or under the partial, concurrent, or exclusive jurisdiction of the United States…shall be fined under this titled or imprisoned not more than five years, or both.

*18 U.S.C. § 1855*. While the statute makes it unequivocally clear that the fire must be upon federal land to invoke federal jurisdiction, courts have been tasked with determining whether the defendant must know or intend for such fire to be set on federally owned lands. As the Second Circuit Court has explained, despite amendments to this statute, "[i]t is clear enough, though, that Congress generally intended 'to prevent forest fires which have been one of the great economic misfortunes of the country.'" *United States v. Allen*, 788 F.3d 61, 67 (2nd Cir. 2015) (citing *United States v. Alford*, 274 U.S. 264, 267 (1927)). As such, in its decision in *Allen*, the Second Circuit applied a broadly applicable scienter requirement to the willfulness language in 18 U.S.C. § 1855:

> …the "willfulness" language in § 1855 refers to the setting of fires (not to the federal ownership of the lands on which they are set). Hence, we hold that *§ 1855 does not require knowledge that the lands are federal*.

*Id*. at 69 (emphasis added).[1]

Because specific knowledge of federal ownership is not required to prove the substantive offense contained in 18 U.S.C. § 1855, the defendant should be prohibited from arguing or inferring the contrary to the jury. Any such inferences to the jury either in argument, testimony, or evidence would only serve to confuse the issues and create the potential for the misapplication of the law by the jury during deliberations.

## CONCLUSION

WHEREFORE the government respectfully requests that the Court instruct the defendant and defense counsel that they may not encourage jury nullification, nor may they or any defense witness provide information to the jury concerning punishment and/or the statutory maximum and minimum sentence; that the defendant and defense counsel may not elicit evidence or testimony regarding the defendant's alleged mental disease, mental deficits, or intellectual deficits; and that the defendant and defense counsel may not infer to the jury that the defendant must know that he was setting fire to federally owned lands in order to be convicted of the charged offense. The government further requests that the Court instruct

---

[1] In its holding, the Second Circuit cited to a series of cases, including: *United States v. Feola*, 420 U.S. 671 (1935) (holding that a defendant need not know that a victim is a federal officer for violation of 18 U.S.C. § 111, because the statute requires an intent to assault, not an intent to assault a federal officer); *United States v. Yermian*, 468 U.S. 63, 68 (1984) (concerning the prohibition against willfully making false statements to federal agents, "[j]urisdictional language need not contain the same culpability requirement as other elements of the offense."); *United States v. LaPorta*, 46 F.3d 152 (2nd Cir. 1994) (holding that the government need not prove the defendants knew they were destroying government property to be successful under 18 U.S.C. § 1361).

defense counsel to so advise any defense witnesses so that such information is not inadvertently shared with the jury.

Respectfully submitted, this the 21st day of December 2021.

DENA J. KING
UNITED STATES ATTORNEY


/s/ Alexis Solheim
ALEXIS SOLHEIM
ASSISTANT UNITED STATES ATTORNEY
NC Bar Number: 46417
100 Otis Street, Suite 233
Asheville, NC 28801
Telephone: (828) 271-4661
Facsimile: (828) 271-4670
Alexis.Solheim@usdoj.gov