IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAMES CASEY LEE EVANS,<br>Defendant. | Docket: 1:21-CR-32<br><br>**RESPONSE TO GOVERNMENT'S**<br><br>**MOTION IN LIMINE** |

COMES NOW, Defendant, JAMES CASEY LEE EVANS, by and through undersigned counsel, and responds to the Government's Motion in Limine, filed on December 21, 2021.

1) The defendant has no objection to the Government's motion to exclude evidence or argument related to the statutory maximum or minimum punishment for the crime contained in the Superseding Bill of Indictment.

2) The defendant has no objection to the Government's motion to exclude evidence regarding mental disease, mental deficits, or intellectual deficits of the defendant.

3) The defendant does object to the Government's motion to exclude evidence or argument regarding specific knowledge of federal ownership by the defendant as an element of the charged offense.

### ARGUMENT

**A. The defendant does not intend to present an insanity defense but does anticipate that evidence will be presented regarding his state of mind at the time of the alleged offense.**

Mr. Evans agrees with the Government that evidence which may tend to show a history of mental disease, mental deficits or intellectual deficits is not relevant to the offense charged and should not be allowed. He does anticipate, however, that the

Government will present evidence of statements made Mr. Evans at times when he was suffering physical symptoms and emotional trauma directly resulting from his experience in the midst of an out-of-control fire. Mr. Evans believes such evidence of his mental state is not implicated in the Government's motion and should be presented if otherwise allowed by the Rules of Evidence.

### B. Specific knowledge of federal ownership is an element of 18 U.S.C. § 1855 and is a principal issue in this case.

The Government, in its argument on this point, refers exclusively to the Second Circuit case of *United States v. Allen*, 788 F.3d 61 (2015). There is a split of opinion on this matter, and even *Allen*, in its analysis, gives support for this Court to find that knowledge of federal ownership of the land should be an element in this case.

George Allen was a volunteer firefighter in Vermont. When he and his crew became bored, he started (or helped start) fires in order to put them out. Some of the fires were on U.S. forest land. Allen was convicted of participating in a conspiracy to violate 18 U.S.C. § 1855. *Id.* at 63-65. On appeal, Allen argued that he had not intended to set fire on federal land but on other private land. *Id.* at 66. The Second Circuit noted "the case law pertaining to the elements of timber crimes is … thin." *Id.* at 67. It analogized a line of cases dealing with assault on a federal officer. The Second Circuit reasoned that an assault was already a criminal offense, and the fact that the victim was a federal officer brought the offense into the ambit of federal law. The status of the victim as a federal officer was a jurisdictional requirement and not a substantive element of the offense. *Id.* at 68-69. The court made similar observations regarding a statute prohibiting willfully making false statements to federal agents. *Id.*

Similarly, Allen's intent to start fires in order to put them out was already a criminal offense. The fact that the fire was started on federal land simply established federal jurisdiction. *Id.* at 69. There is no indication that Allen made any claims that he started any fires on his own land. The *Allen* court distinguished cases involving statutes that "criminalized otherwise innocent conduct." *Id.* Quoting *United States v. LaPorta*, the Second Circuit noted that "Arson is hardly 'otherwise innocent conduct.'" *Id.* (quoting 46 F.3d 152 (2nd Cir. 1994).

Neither *Allen* nor other cases dealing with 18 U.S.C. § 1855 equate clearing brush on one's own property with arson. Indeed, Mr. Evans is aware of no federal or state statute that would generally prohibit him from burning brush on his own land. This is exactly the sort of "otherwise innocent conduct" that, the *Allen* court conceded, requires a showing of enhanced scienter. A sincere and reasonable belief that Mr. Evans was breaking no law undercuts the logic of *Allen* and, should the jury so find, weighs strongly against a finding of willfulness.

The line of cases that support extending mens rea to any element of an offense that distinguishes between criminal and innocent conduct is well trod. *United States v. X-Citement Video* holds that a "presumption in favor of a scienter requirement should apply to each of the statutory elements that criminalize otherwise innocent conduct." 513 U.S. 64, 72 (1994). "The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil." *Morissette v. United States*, 342 U.S. 246, 250. There is a "longstanding recognition of the principle that 'ambiguity

3
Case 1:21-cr-00032-MR-WCM   Document 32   Filed 12/28/21   Page 3 of 6

concerning the ambit of criminal statutes should be resolved in favor of lenity.' … Application of the rule of lenity ensures that criminal statutes will provide fair warning concerning conduct rendered illegal and strikes an appropriate balance between the legislature, the prosecutor, and the court in defining criminal liability." *Liparota v. United States*, 471 U.S. 419, 427. "The Government's construction of the statute potentially would impose criminal sanctions on a class of persons whose mental state – ignorance of the characteristics of weapons in their possession—makes their actions entirely innocent." *Staples v. United States*, 511 U.S. 600, 614-15. "Our reasoning depends upon a commonsense evaluation of the nature of the particular device or substance Congress has subjected to regulation and the expectations that individuals may legitimately have in dealing with the regulated items." *Id.* at 619.

A case that is closer to the instant situation is the Sixth Circuit case of *United States v. Abner*. 15 F.3d 251 (1994). Jamie Scott Abner started a fire on his own land on a site close to the boundary of United States forest land. The fire spread out of control onto the forest. Abner was convicted of 18 U.S.C. § 1855 under a theory that starting a fire so close to the property line demonstrated an intent that the fire spread to government land. *Id.* at 252-53. The Sixth Circuit disagreed, finding that the evidence presented failed to prove that Abner had intended to set fire or spread fire on government lands. *Id.* at 255. This is consistent with the definition of willfulness used by the Supreme Court in *Bryan v. United States*, 524 U.S. 184, 193 (1998) (for conduct that is criminal only when done willfully, "the jury must find that the defendant acted with an evil-meaning mind, that is to say, that he acted with knowledge that his conduct was unlawful").

4
Case 1:21-cr-00032-MR-WCM   Document 32   Filed 12/28/21   Page 4 of 6

Mr. Evans expects that evidence will show that he had a sincere and reasonable belief that his actions took place on land owned by his family and with their authorization. If the facts are/were as he believed, his actions would be innocent and lawful. If the jury were to find thus, it would be a grave injustice to convict Mr. Evans of willfully commiting a federal felony. Therefore Mr. Evans asks this Honorable Court to exercise a "commonsense evaluation" of the circumstances in this case and deny the third portion of the Government's motion in limine.

Respectfully submitted, this the 28th day of December, 2021.

GILLETTE LAW FIRM, PLLC

/s/ Jeffrey William Gillette
Jeffrey William Gillette
CJA Counsel for the Defendant
P.O. Box 32
Franklin, NC 28734
(828) 634-7941
jeff@GilletteLawFirmNC.com

# CERTIFICATE OF SERVICE

I hereby certify that, on this day, I served a copy of this Motion to Continue Docket Call on the following individual(s) via ECF.

Alexis Solheim, David Thorneloe, Assistant United States Attorneys

This, the 28th day of December, 2021.

                                                   GILLETTE LAW FIRM, PLLC

                                                   /s/ Jeffrey William Gillette
                                                   Jeffrey William Gillette
                                                   CJA Counsel for the Defendant
                                                   P.O. Box 32
                                                   Franklin, NC 28734
                                                   (828) 634-7941
                                                   jeff@GilletteLawFirmNC.com