IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00032-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| CASEY LEE EVANS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Presence Release [Doc. 44].

## I. BACKGROUND

On January 6, 2022, a jury found the Defendant guilty of willfully and without authority setting on fire timber, underbrush, and grass upon lands owned by the United States, in violation of 18 U.S.C. § 1855. [See Docs. 25; 41]. At trial, the Defendant did not dispute the underlying offense conduct of intentionally setting a fire. Instead, the Defendant primarily challenged whether the location where the fire was set was in fact owned by the United States rather than Defendant's property, and raised the legal argument that conviction of the offense required the Government to prove the Defendant specifically intended to set the fire on land owned by the United States as

opposed to a general intent. Immediately following the jury's verdict, the Defendant filed the present motion seeking his release pending sentencing. [Doc. 44]. On March 7, 2022, the Court held a hearing on the Defendant's motion.

## II. DISCUSSION

Title 18 of the United States Code, Section 3143, provides, in pertinent part, as follows:

> Except as provided in paragraph (2),[1] the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1). Accordingly, to grant the Defendant's motion for presentence release, the Court must determine whether the Defendant's sentencing guideline range recommends a term of imprisonment. If the Court determines the Defendant's guideline range recommends a term of

---

[1] Paragraph (2) of Section 3143 is not applicable in the present case.

imprisonment, then the Defendant shall remain detained unless the Court finds by clear and convincing evidence that the Defendant is not likely to flee or pose a danger to the safety of another person or the community if released. At this stage in the proceedings, the Defendant carries the burden of demonstrating he is not likely to flee or pose a danger to the safety of any other person or the community. Fed. R. Crim. P. 46(c).

First, the Court must consider whether the Defendant's applicable sentencing guideline range recommends a term of imprisonment. At this time, a draft presentence report (DPSR) has been prepared in this matter, to which the Defendant has not yet had an opportunity to object. [Doc. 46]. The DPSR concludes that the Defendant has a total offense level of 20 and a criminal history category of II, resulting in a guideline range of 37–46 months. [Id. at 8-9]. However, the base offense level (BOL) of 20 in the DPSR is based on the application of two specific offense conduct enhancements found in U.S.S.G. § 2K1.4, either one of which would support a BOL of 20. [Id.]. First, the DPSR applies U.S.S.G. § 2K1.4(a)(2)(C)(i), on the basis that the offense endangered a dwelling. [Id.] Second, the DPSR applies U.S.S.G. § 2K1.4(a)(2)(C)(iii), on the basis that the offense endangered a place of public use. [Id.]. This second finding was based on the fire having threatened publicly owned property, to wit: the Nantahala National Forest. The

3

applicability of either enhancement is very questionable, particularly in light of the evidence presented at trial. Likewise, the DPSR also relies on the questionable determination that a reduction pursuant to U.S.S.G § 3E1.1(a) for acceptance of responsibility is not applicable. [Doc. 46 at 9]. While the Defendant did take this matter to trial, he admitted to intentionally setting the fire at issue, and primarily focused his challenge as to the ownership of the land where the fire was set, and the legal question of whether the Government was required to prove the Defendant specifically intended to set the fire on land owned by the United States.

Nevertheless, even if the Court rules in Defendant's favor on all of the issues concerning his base offense level enhancements and the acceptance of responsibility reduction, the Defendant still faces a guideline range that recommends a term of imprisonment. Specifically, the alternative calculation of the Defendant's base offense level would result in the application of U.S.S.G. § 2.K1.4(a)(4) and a base offense level of 14.[2] Further, even if the Defendant received the benefit of a reduction for acceptance of responsibility, this would result in a total offense level of no lower than 12[3]

---

[2] Pursuant to U.S.S.G. § 2.K1.4(a)(4), a 2-level increase is added to the applicable offense level found in U.S.S.G. § 2B1.1. In this scenario, under U.S.S.G. § 2B1.1, the Defendant's base offense level would be 6 with an additional 6-level increase due to the loss amount being more than $40,000, resulting in a total base offense level of 14, when the 2-level increase is added. See U.S.S.G. §§ 2B1.1(a)(2) and (b)(1)(D); Doc. 46 at 20.

and a criminal history category of II, his applicable sentencing guideline range would be 12–18 months. As such, even under the most favorable of scenario, the Defendant will face an applicable sentencing guideline range that recommends some length of imprisonment.[4] Accordingly, pursuant to Section 3143(a), the Defendant is to remain detained unless the Court finds by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released.

Here, the Addendum to the Pretrial Service Report recommends that the Defendant remain detained as he poses both a risk of nonappearance and a risk of danger to the community. [Doc. 45]. Specifically, the Report recommends the Defendant remain detained due to the nature of the offense, his mental health and substance abuse history, his violent behavior history, and his past criminal activity while under supervision. [Id. at 12].

---

[3] Pursuant to U.S.S.G. § 3E1.1, a 3-level reduction to a defendant's base offense level is the maximum allowed for acceptance of responsibility. The total possible reduction is comprised of a 2-level reduction that is dependent on the Defendant clearly demonstrating his acceptance of responsibility, and a 1-level reduction that is dependent on the Government's position. During the hearing, the Government stated that its position is that the Defendant is not entitled to a full 3-level reduction for acceptance of responsibility. The Defendant would not even be eligible for the 3-level reduction if his BOL is 14. See U.S.S.G. § 3E1.1(b).

[4] Further, even if Section 3143(a)(1) explicitly encompassed cases where a defendant's applicable guideline range is less than the time a defendant has spent in custody, the Defendant in the present case has been in custody for 10 months, which is less than the lowest recommended term of imprisonment under the most favorable potential applicable sentencing guideline range to the Defendant.

5

Further, the Report concludes that there is no condition or combination of conditions to reasonably assure the safety of the community. [Id.].[5]

Based on the foregoing, the Court concludes that the Defendant has failed to satisfy his burden to show by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community. Accordingly, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Presentence Release [Doc. 44] is hereby **DENIED**, and the Defendant shall remain detained pending sentencing.

**IT IS SO ORDERED.**

Signed: March 9, 2022

Martin Reidinger
Chief United States District Judge

---

[5] The Defendant did not present a viable option to alleviate the concerns expressed in the Report. During the hearing, the Defendant presented as a potential third party custodian Darlene Hopkins (Defendant's mother). Ms. Hopkins testified that her address is the same location where the Defendant resided when he committed his offense of conviction, which is within very close proximity to where Defendant set the fire at issue. Further, Ms. Hopkins testified that cellular service is unreliable at her address and that she does not have a landline. Ms. Hopkins also testified that while she had an operative landline four to five years ago, she is unsure whether she would be able to reconnect her landline. As such, the Court finds that the third party custodial arrangement proposed by the Defendant does not offer sufficiently reliable communications with the Defendant and/or his third party custodian to be able to fulfill reasonable conditions of release.