# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:21-cr-00032-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| CASEY LEE EVANS, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Sentencing Memorandum [Doc. 52].

The Defendant, through counsel, moves the Court for leave to file a Sentencing Memorandum [Doc. 51] under seal in this case. For grounds, counsel states that the memorandum contains extensive discussion of the Defendant's various medical and psychiatric evaluations, as well as other evidence of the Defendant's physical and mental health. [Doc. 52]. Counsel, however, fails to explain why less drastic alternatives to wholesale sealing of the memorandum would not be effective, and fails to identify the particular portions of the memorandum that warrant protection.[1]

---

[1] Counsel states that the extensive discussion of the sensitive information in the memorandum makes redaction impractical. [Doc. 52]. However, impracticability is not a sufficient basis for whole sealing of the memorandum. See United States v. Harris, 890 F.3d 480, 491-492 (4th Cir. 2018).

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is allowed, the defendant is still required to file in the public record a redacted memorandum with only those portions that are allowed to be sealed having been redacted. United States v. Harris, 890 F.3d 480, 491-92 (4th Cir. 2018).

Here, the Defendant has failed to provide a sufficient basis as to why less drastic alternatives to wholesale sealing would not be effective. The Defendant provides only grounds for why *portions* of the memorandum may be sealed. However, even when grounds are sufficient to allow sealing only portions of a pleading, a defendant is still required to file a publicly accessible version of the pleading that redacts only those portions allowed to be sealed. See Harris, 890 F.3d at 491-92. Further, the Defendant's Motion fails to identify with sufficient specificity the applicable portions sought to be sealed necessary to allow for findings specific enough to determine whether the sealing of those portions is consistent with the First Amendment or common law right to public access.  Generally, the more central a piece of information

is to the relief a defendant seeks, the greater the public's right to know that information and the less the defendant's right to have such information sealed.

As such, the Defendant's Motion fails to provide a sufficient basis to support a decision to seal the Sentencing Memorandum and for rejecting the alternatives to sealing. For these reasons, the Court will deny the Defendant's Motion. The Court, however, will allow the memorandum to remain temporarily under seal pending the Defendant filing a renewed Motion to Seal that identifies with specificity the portions of the memorandum sought to be sealed and provides sufficient basis for the sealing thereof.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Sentencing Memorandum [Doc. 52] is **DENIED WITHOUT PREJUDICE**. The Defendant shall file a Motion to Seal that identifies with specificity the portions of the memorandum to be sealed and provides sufficient basis for the sealing thereof within seven (7) days. The Sentencing Memorandum [Doc. 51] shall remain temporarily under seal until further Order of this Court.

**IT IS SO ORDERED.**    Signed: May 20, 2022

Martin Reidinger
Chief United States District Judge