IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00032-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CASEY LEE EVANS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's Amended Motion to Seal Sentencing Memorandum [Doc. 56].

The Defendant, through counsel, moves the Court for leave to file an unredacted Sentencing Memorandum [Doc. 51], under seal in this case. [Doc. 56]. For grounds, counsel states that the memorandum contains extensive discussion of the Defendant's various medical and psychiatric evaluations, as well as other evidence of the Defendant's physical and mental health. [Id.]. The Defendant has filed a redacted version of the memorandum in the public record. [Doc. 56-1].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the

documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on May 23, 2022, and it has been accessible to the public through the Court's electronic case filing system since that time. In addition to filing his motion, the Defendant has filed a redacted version of the Sentencing Memorandum that is accessible to the public. [Doc. 56-1]. Further, the Defendant has demonstrated that the redacted portions of the memorandum contain sensitive information and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing of the unredacted Sentencing Memorandum is necessary to protect the Defendant's interest in preventing the disclosure of this sensitive information.

Accordingly, the Defendant's Motion to Seal is granted, and counsel shall be permitted to file an unredacted version of his memorandum under seal.

**IT IS, THEREFORE, ORDERED** that the Defendant's Amended Motion to Seal Sentencing Memorandum [Doc. 56] is **GRANTED**, and the Defendant's unredacted Sentencing Memorandum [Doc. 51] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: May 27, 2022

Martin Reidinger
Chief United States District Judge